# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| |
|---|
| In re<br><br>ANN C. JONES,<br><br>                    Debtor |

Chapter 13
Case No. 06-10105-RS

## MEMORANDUM OF DECISION AND ORDER
## REGARDING SANCTIONS FOR STAY VIOLATION
## (BOSTON GAS COMPANY)

Before the Court is the Debtor's motion for sanctions against Boston Gas Company for an alleged violation of the automatic stay, specifically, the discontinuance of utility service for non-payment of postpetition service bills. Boston Gas Company opposes the motion.

### Background

The Debtor commenced this Chapter 13 case on January 17, 2006. She has proposed a sale plan with a balloon payment in 2007. Her plan has not yet been confirmed. She owns her home (the subject of the sale plan). Her developmentally-delayed son and elderly mother live there with her. The Debtor herself has health problems. The home is heated by gas provided by Boston Gas Company. There are unpaid bills for postpetition services undisputed as to amount and liability. Boston Gas Company contacted the Debtor regarding these unpaid bills, informing the Debtor that Boston Gas Company would terminate service if the bills remained unpaid. Payment was not made; service was terminated.[1] Thereafter, the Debtor filed her motion, and I heard the matter on September 28, 2006.

---

[1] Boston Gas Company contends that the service termination was in accordance with state termination procedures; the Debtor alleges that such termination *may* have violated state law but advances no supporting facts, law or analysis. For the purposes of this decision, I treat the termination as in accordance with state termination procedures.

## Discussion

The Debtor contends that the service termination constitutes a willful violation of the automatic stay warranting damages pursuant to Section 362(k) of the Code. 11 U.S.C. § 362(k).[2] Her reasoning is as follows: (a) the Debtor's postpetition earnings, from which she pays her post-petition bills, are property of her Chapter 13 estate, 11 U.S.C. § 1306(a)(2); (b) the automatic stay protects, and prohibits action against, property of the estate, requiring court authorization prior to any such action; and (c) Boston Gas Company's collection efforts, including termination of service, constitute an act against estate property without prior court authorization, taken in full knowledge of the pendency of the Debtor's Chapter 13 case.

In response, Boston Gas Company invokes the provisions of the Code affording special status and treatment to utility service providers. Those provisions prohibit service termination solely on account of prepetition debt but permit service termination absent security for payment on account of postpetition service twenty days after case commencement. 11 U.S.C. § 366. Boston Gas Company points out that the service bills in question are for postpetition services and refers the Court to case law that supports the proposition that collection of unpaid postpetition service bills is not a stay violation and does not require court authorization. See *Begley v. Philadelphia Elec. Co.*, 760 F.2d 46 (3rd Cir. 1985); *In re Carter*, 133 B.R. 110 (Bankr. N.D. Ohio 1991).

The Debtor's position does not comport with current law or common sense. The logic of *Begley* and *Carter* is persuasive: if the discontinuance of postpetition service for lack of adequate security does not require court authorization, then neither does discontinuance of

---

[2]The Debtor does not specify which subsection has been violated. Upon reflection and taking into account the Debtor's argument at hearing, Section 362(a)(3) appears the likely one.

2

postpetition service for lack of *both* security *and* payment. The inclusion of a debtor's postpetition earnings in her Chapter 13 estate is intended to capture for dedication to a Chapter 13 plan all funds necessary to effectuate that plan. It does not prohibit a debtor from using postpetition earnings to satisfy postpetition obligations. And, while § 366 does not authorize a utility to proceed directly against postpetition earnings, it does expressly authorize discontinuance of service in the circumstances of this case, even if (as Congress must have known would usually be the case) the intent and foreseeable effect of such discontinuance, and of the threat thereof, are to pressure and compel the debtor to make payment from postpetition earnings. Here, Boston Gas Company has done nothing more than what § 366(b) expressly permits, which is no violation of the automatic stay.

## ORDER

For the foregoing reasons, the Debtor's motion for sanctions against Boston Gas Company is hereby **denied**.

Date: October 5, 2006

Robert Somma
United States Bankruptcy Judge

cc:   David G. Baker, Esq., Counsel to Debtor
      Christopher S. Aronson, Esq., Counsel to Boston Gas Company